IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| STEPHEN SINCLAIR | ) | JURY DEMAND |
| | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | |
| JEANSSEN LOUIS, | ) | |
| JASON PORTER, | ) | |
| TED BALTIMORE, JR., | ) | |
| | ) | |
| (in their individual | ) | |
| and official capacities), | ) | |
| | ) | |
| and | ) | |
| FRANK STRADA, | ) | |
| | ) | |
| (TDOC Commissioner, in his | ) | |
| Official capacity) | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. Plaintiff Stephen Sinclair is an inmate at Turney Center Industrial Complex. On April 11, 2023, he was assaulted by Defendants Louis, Porter, and Baltimore, each of whom is now and was at the time a Correctional Officer employed by the State of Tennessee.

2. As a result of the violent attack, Plaintiff suffered injuries including lacerations to his face and eyes and the loss of his gallbladder from the trauma of the incident.

## PARTIES

3. Plaintiff Stephen Sinclair is an inmate in custody of the Tennessee Department of Corrections (TDOC). His TDOC # is 538609. He is currently housed at the Turney Center Industrial Complex in Only, Tennessee, Hickman County.

4. Defendant Jeanssen Louis is a Correctional Officer employed by TDOC. At all times relevant to this lawsuit, he acted in his official course of employment and under color of law.

5. Defendant Jason Porter is a Correctional Officer employed by TDOC. At all times relevant to this lawsuit, he acted in his official course of employment and under color of law.

6. Defendant Ted Baltimore, Jr., is a Correctional Officer employed by TDOC. At all times relevant to this lawsuit, he acted in his official course of employment and under color of law.

7. Defendants Louis, Porter, and Baltimore are sued for compensatory and punitive damages in their individual capacities.

8. Defendants Louis, Porter, and Baltimore are sued in their official capacities as employees of the State of Tennessee and TDOC for injunctive relief.

9. Defendant Frank Strada is sued in his official capacity as Commissioner of TDOC as the policymaker able to effectuate the injunctive relief sought by Mr. Sinclair, as set forth more fully below.

## JURISDICTION AND VENUE

11. This action arises under the United States Constitution and under the laws of the United States of America, particularly under the provisions of the Fourteenth and Eighth Amendments of the United States Constitution, and particularly under the Civil Rights Act, codified at 42 U.S.C. § 1983 et seq.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343.

13. The Court has jurisdiction over Plaintiff's state law claims for assault and battery pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because all the events giving rise to Plaintiff's claims occurred in this District.

## PLRA EXHAUSTION

15. On April 12, 2023, Mr. Sinclair submitted a grievance complaining of the incident at the heart of this lawsuit. This grievance was denied, and Mr. Sinclair appealed. His appeal was denied on May 5, 2023.

16. A copy of Mr. Sinclair's grievance and supporting documentation is attached to this Complaint as **Exhibit A.**

17. Mr. Sinclair specifically avers that he has exhausted all administrative remedies as were available to him and has satisfied the PLRA's exhaustion requirement under 42 USC § 1197e(a).

## FACTUAL BACKGROUND

18. This lawsuit arises from the malicious and sadistic use of extreme, unnecessary, and excessive force against Stephen Sinclair on April 11, 2023.

19. On that date, Mr. Sinclair was violently assaulted by Defendants Louis, Porter, and Baltimore while he was handcuffed with his hands behind his back and his pants around his ankles.

20. The circumstances of the brutal beating of Mr. Sinclair arose when Mr. Sinclair was outside of his cell in the recreation yard and returned to his cell to discover that it had been searched and his personal items strewn about the cell.

21. Upset, Mr. Sinclair threw a pair of nail clippers at his cell door. The nail clippers broke a window in the cell.

22. A Correctional Officer Rogers, first name unknown, informed Mr. Sinclair that CO Rogers would have to report the broken cell window, which Mr. Sinclair understood and apologized for.

23. Roughly 30 minutes later, Defendants Louis, Porter, and Baltimore arrived and informed Mr. Sinclair that he would be

transferred to a different cell for 24 hours to be housed "butt naked" as a punishment for his actions relating to the broken window.

24. Defendants Louis, Porter, and Baltimore walked Mr. Sinclair down to Cell 105.

25. Mr. Sinclair was handcuffed with his hands behind his back.

26. Once inside Cell 105, Defendants Louis, Porter, and Baltimore instructed Mr. Sinclair to place his knees on the bed of the bottom bunk, which he did.

27. At this time, Mr. Sinclair was handcuffed, and his pants were around his ankles. (Defendants Louis, Porter, and Baltimore intended for Mr. Sinclair to change from his clothes into a paper gown.)

28. As soon as he had complied with the instruction to place his knees on the bed, Mr. Sinclair was violently attacked and assaulted by Defendants Louis, Porter, and Baltimore.

29. Defendants Louis, Porter, and Baltimore repeatedly punched and kneed Mr. Sinclair, hitting him in the face, kneeing him in his abdomen and back, and generally assaulting his entire upper body.

30. Mr. Sinclair was completely helpless during this brutal use of force, being handcuffed with his hands behind his back and his pants around his ankles.

31. Mr. Sinclair has written a sworn declaration under penalty of perjury describing these events. That declaration is attached as **Exhibit B**.

32. That declaration reads in relevant part:

   a. "On 4/11/23, around 2:30 p.m., Officer Baltimore, [Corporal] Porter and Officer Louis came to my cell at 5B 204 and told me I had to cuff up to be transferred to Cell 5B 105 for 24 hours with only a paper gown and no property per Warden Clendenion. Once cuffed and walked into Cell 5B 105, my pants were pulled around my ankles and I was told to place my knees on the bunk to be uncuffed and undressed at which time I complied. Once [I] touched the bunk, I was repeatedly assaulted by being punched, kneed by Louis and Baltimore, while still restrained with cuffs and the vulnerability of my pants around my ankles. Once I was unconscious and bleeding [on] the floor, I assume that I was undressed and

uncuffed for when I regained consciousness, I was naked and unrestrained.  When the second shift corporal came on, medical was called [and] pictures were taken by Corporal Riggs.  I notified the nurse of severe chest and abdominal pain at which time I was moved to A-pod with no clothes, no mat, and had to stay in the shower in excess of 1 hour straight to keep my body temperature to keep from freezing.  Then around 2:30 p.m. on 4/12/23, I was moved back to 5B 204 while still suffering excruciating abdominal pain from the knees and fist of the Officers whose job it is to keep me safe.  Within 48 hours of the assault by staff I was found passed out in my cell in vomit in 5B 204 by the rockman who [notified] them and I was rushed to Nashville Metro [General Hospital] where I [was] rushed into surgery due to a ruptured and inflamed gallbladder.  I have intense night terrors reliving this incident and I now have severe anxiety and emotional trauma around any [corrections officer] leaving me in constant fear [for] my life.  Even as I write this testimony, I'm in fear of retaliation

9

and am limited on my diet because of the effects of this entire assault and blatant abuse of authority . . ."

33. The brutal assault of Mr. Sinclair by Defendants was witnessed by another inmate.

34. William Burris, TDOC # 623512, submitted a grievance detailing his first-hand observation of the assault. That grievance is attached to this Complaint at **Exhibit C**. The grievance reads in relevant part:

   a. "I was in 5B 108 and witnessed an inmate getting assaulted with excessive force and the inmate was complying and they stripped him naked while he was in handcuffs and put hands on him."

   b. "I, William Burris, witnessed 538609 Stephen Sinclair getting hands put on him with handcuffs and the Officer Louis hit him with a ring on."

   c. "I, inmate William Burris 623612, witnessed Officer Louis and Porter and Baltimore use excessive force while inmate 538609 Stephen Sinclair was in handcuffs Officer Louis hit him in the side of the head splitting his eye open while he was

naked and they left him in the cell naked with no clothes or blanket. The incident was between 2:00 p.m. and 3:00 p.m."

35. Another inmate, Brandon King, witnessed Mr. Sinclair after the assault. Mr. King provided a statement (attached as **Exhibit D**) stating in relevant part:

   a. "On the night of 4/11/23 [I] witnessed Steven Sinclair being put in 5A 111 wearing a suicide gown. At that time I also noticed several ring indentations and red marks all along the left side of his face like he had been badly beaten by one or more people."

36. On April 14, 2023, Mr. Sinclair was evaluated by Nurse Practitioner Jennifer Gerber. Ms. Gerber recorded:

   a. "Patient [Mr. Sinclair] reports assault [approximately] 3 days ago after he threw something breaking glass in cell. Reports onset of acute epigastric [abdominal] pain at approximately 5 a.m. this morning. Complains of nausea/vomiting of breakfast contents. Reports worse [*sic*] pain he has ever had. 10/10 pain."

37. Mr. Sinclair was sent to Nashville General Hospital, where he was diagnosed with acute cholecystitis.[1]

38. On April 15, 2023, Mr. Sinclair underwent a surgical procedure, acute cholecystectomy, to have his gallbladder removed.

39. Defendants Louis, Porter, and Baltimore's brutal and unjustified assault of Mr. Sinclair resulted in severe, life-altering injuries to Mr. Sinclair, including the loss of his gallbladder.

---

[1] "Acute cholecystitis is sudden swelling and irritation of the gallbladder. It causes severe belly pain." MEDLINEPLUS.GOV, "Acute Cholecystitis," available at: https://medlineplus.gov/ency/article/000264.htm, last visited April 3, 2024.

# CAUSES OF ACTION

## 1. Violation of Eighth Amendment

## (Defendants Louis, Porter, and Baltimore)

40. Plaintiff incorporates all above paragraphs.

41. Defendants acted maliciously and sadistically for the very purpose of causing severe harm to Mr. Sinclair as evidenced by:

   a. The complete absence of any justification for the use of any force under the circumstances, in which Mr. Sinclair was compliant, handcuffed with his hands behind his back and his pants around his ankles;

   b. The extreme amount of force used in relation to any pretextual justification for the use of such force, as evidenced by the repeated punching and kneeing of Mr. Sinclair, who was restrained in handcuffs;

   c. The absence of any measures Defendants took designed to reduce the amount of force;

   d. The extreme nature of Mr. Sinclair's injuries, including lacerations to his face and the loss of his gallbladder from the physical trauma perpetrated by Defendants.

42. Based on the foregoing, Defendants Louis, Porter, and Baltimore are fully liable for their violation of the Eighth Amendment.

43. Mr. Sinclair seeks compensatory and punitive damages from Defendants Louis, Porter, and Baltimore in their individual capacities.

44. Defendants Louis, Porter, and Baltimore are also liable under a "failure to intervene" theory of liability.

45. Defendants Louis, Porter, and Baltimore were each "at the scene" of the constitutional violation—in this case, the cell where the assault occurred.

46. Each of Defendants Louis, Porter, and Baltimore was aware that excessive force was being used against Mr. Sinclair.

47. Each of Defendants Louis, Porter, and Baltimore had an opportunity to intervene to stop the excessive force being used against Mr. Sinclair.

48. Each of Defendants Louis, Porter, and Baltimore had the means to intervene to stop the excessive force being used against Mr. Sinclair.

49. Upon information and belief, each Correctional Corporal has the institutional authority to prevent the use of excessive force even by a superior officer.

50. Upon information and belief, Defendant Baltimore was the most senior officer present during the beating of Mr. Sinclair.

51. None of Defendants Louis, Porter, and Baltimore intervened to prevent the excessive forced used against Mr. Sinclair.

## 2. Injunctive Relief

## (All Defendants)

52. Plaintiff incorporates all above paragraphs.

53. Based on the violation of his rights under the United States Constitution, Mr. Sinclair seeks a permanent injunction against Defendants in their official capacities (as employees of the State of Tennessee and the Tennessee Department of Corrections).

54. Specifically, Plaintiff seeks an injunction permanently enjoining Defendants Louis, Porter, and Baltimore from having any contact whatsoever with Mr. Sinclair.

55. Plaintiff seeks an injunction requiring Defendant Frank Strada, as Commissioner of TDOC, to ensure that Defendants Louis, Porter, and Baltimore have no contact whatsoever with Mr. Sinclair.

### 3. State Law Assault and Battery

### (Defendants Louis, Porter, and Baltimore)

56. Plaintiff incorporates all above paragraphs.

57. The same actions and behaviors supporting an Eighth Amendment violation by Defendants Louis, Porter, and Baltimore also support state law claims for assault and battery.

58. Defendants Louis, Porter, and Baltimore are not entitled to state law sovereign immunity as their actions in this case were criminal, malicious, and intentional, and thus their state law immunity is removed pursuant to T.C.A. § 9-8-307(h).

## PRAYER FOR RELIEF

59. Plaintiff requests:

   a. That a jury be empaneled to try this case;

   b. A declaratory judgment that the conduct of Defendants Louis, Porter, and Baltimore violated Plaintiff's protected constitutional rights;

   c. Compensatory and punitive damages against Defendants Louis, Porter, and Baltimore in an amount to be determined at trial;

   d. Injunctive relief requiring TDOC to prohibit Defendants Louis, Porter, and Baltimore from having any contact with Mr. Sinclair;

   e. Reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988; and

   f. Such other relief as the Court deems equitable and just.

Respectfully submitted,

DAVID RANDOLPH SMITH & ASSOCIATES

*/s/ Christopher Smith*
David Randolph Smith, TN BPR#011905
Dominick R. Smith, TN BPR # 028783
Christopher W. Smith, TN BPR #034450
1913 21st Avenue South
Nashville, Tennessee 37212
(615) 742-1775 phone
(615) 742-1223 fax
csmith@drslawfirm.com

*Attorneys for Plaintiff*